# Smiley *versus* Bowman.*

A stipulation in the condition of a bond, waiving all law or laws that would prevent the obligee, his heirs, executors or administrators from levying on and selling the obligor's property, is a waiver of the exemption law. It is a mode of pledging property otherwise exempt, and can be got rid of only upon the ground of fraud, accident, mistake, or other equitable principle.

ERROR to the Common Pleas of *Cumberland County.*

The opinion of the court was delivered by

THOMPSON, J.—When this case was here before, the counsel for the plaintiff in error, Jacob Bowman, assumed, and it was not controverted, that the bond on which the judgment of *Charles Shipley* v. *Robert Smiley*, the plaintiff in error, had been entered, contained a waiver of the exemption laws. The trial below had proceeded on this assumption, and its final determination here rested on the same basis. The cause was reversed, and on, the re-trial the original ground of the plaintiff below having been swept away, he now sets up a new position on which to claim damages from the sheriff for not recognizing his demand for the benefit of the exemption laws, viz., that he had not waived the exemption by anything contained in his bond to C. Shipley.

We will not preclude him from having his point considered on account of his neglect to avail himself of it before, although it is apparent that that neglect has resulted in the present writ of error.

The learned judge of the Common Pleas was of the opinion, and so charged, that the stipulation in the condition of the bond following that for the payment of the money and the time of payment, in these words, " Waiving all law or laws that would prevent Charles Shipley, his heirs, executors or administrators from levy and sale," &c., was a waiver of the exemption laws. It is difficult to find any room to doubt the accuracy of this conclusion. The words are plain and general enough to cover the exemption laws, if they could be interposed to prevent a sale of any portion of the plaintiff's property. The waiving all laws would as certainly include the particular law that might be interposed to prevent the levy and sale, as the greater includes the less by the rules of logic. About this we cannot dispute. Do the exemption laws, in the accurate sense of them, "prevent a levy and sale" of property? Certainly; it must be answered, to the extent of the exemption, or it would have been great folly to have passed them. If we present the pro-

---

* Before in court, and reported 7 Casey, 225.

[Evans *v.* Dunkelberger.]

position of a debtor owning no more property than the exemption laws will protect, and then consider the condition of the creditor, we cannot fail to see, that although he is not prevented from levying upon it, yet these laws, if invoked, would prevent him from selling. This is plain. The parties to this bond agreed that no law should prevent a sale. How then can it be supposed that the law which might effectually prevent it was not waived? The stipulation meant this or it meant nothing. But we cannot conclude that it meant nothing, for the words are unambiguous in themselves, and they treat of a well understood and definite subject matter, and a matter about which it was lawful to stipulate, as we have often held. It was a mode of pledging property that might otherwise be exempt, for a consideration; for, as we held in this case before, the waiver was based upon the same consideration as was the liability to pay the money. The stipulation here was for a waiver, applicable only to the exemption laws, and was therefore neither idle nor inoperative, and cannot be got rid of but upon the ground of fraud, accident, or mistake, or some other well founded principle.

The rules of construction contained in the law cited are all true and effective in appropriate cases. Their purpose and object is the ascertainment of intent when it is doubtful. But where words express a clear rational intent and meaning, in view of an expressed and known subject matter, these rules are out of place—there is nothing for them to act upon; there is nothing doubtful. Such is the case here. It is evident the debtor intended by the waiver to pledge his entire property as a security for the debt for which he gave his bond and received the advantage of time for its payment. We have decided over and over again, that a party entitled to the exemption may waive it, and so everybody understands the law now to be. With this construction and statute I am, for one, well satisfied. Any other would have been an unnecessary and unwarrantable abridgment of the rights of dominion over property by the owner. Such a transaction need not be scrutinized as unusual, or in any manner in contravention to public policy or public morals. If, therefore, debtors will dispense with laws made for their own protection, such as the law in question, they have the power, and if there be no circumvention in procuring it to be done, they must be bound by such acts, as well as they are by other lawful contracts.

We find no errors in the ruling of the court, and the judgment is affirmed.